UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

JAMAL KAREEM WARREN,            )
                               )
            *Petitioner*,       )
                               )
      v.                        )      Cause No. 2:17-cv-493 RLM-DLP
                               )
J. R. BELL, *Warden*,           )
                               )
            *Respondent*.       )
                               )

<u>OPINION AND ORDER</u>

Jamal Kareem Warren is serving a term of imprisonment at the Federal Correctional Complex in Terre Haute. His petition under 28 U.S.C. § 2241 challenging a prison disciplinary proceeding while he was imprisoned at Federal Correctional Institution, Oakdale [Doc. No. 1] pends before the court. His petition claims that he was denied due process when: (1) his appeal of the disciplinary hearing officer's report was denied as untimely; (2) the incident report was allegedly issued 18 days after the misconduct; and (3) the sanctions imposed allegedly exceeded those authorized by law. The factual and legal issues raised can be resolved on the record, so no hearing is necessary. For the reasons that follow, the court denies Mr. Warren's petition.

Mr. Warren is serving a sentence of 102 months of imprisonment to be followed by 120 months of supervised release for engaging in interstate transportation of a minor with the intent to engage in criminal sexual activity in violation of 28 U.S.C. § 2423(a). While at FCI Oakdale Louisiana, the Bureau of Prisons accused him of infractions of BOP rules, including use of mail for abuses,

use of the telephone for abuses, and giving money to another inmate without staff authorization. Following a hearing on the charges with Mr. Warren present, the disciplinary hearing officer imposed a sanction of a loss of a total of 218 days of good conduct time, segregation time, and a loss of privileges. After exhausting his administrative remedies, Mr. Warren filed this petition alleging due process violations.

"This court does not sit in review of the correctness of the [Disciplinary Hearing Officer's] decision; [Mr. Warren] is entitled to relief only if the procedures used to arrive at that sanction do not comport with due process." Piggie v. Cotton, 342 F.3d 660, 667 (7th Cir. 2003). "Federal inmates must be afforded due process before any of their good time credits—in which they have a liberty interest—can be revoked." Jones v. Cross, 637 F.3d 841, 845 (7th Cir. 2011).

> In the context of a prison disciplinary hearing, due process requires that the prisoner receive (1) written notice of the claimed violation at least 24 hours before hearing; (2) an opportunity to call witnesses and present documentary evidence (when consistent with institutional safety) to an impartial decision-maker; and (3) a written statement by the fact-finder of the evidence relied on and the reasons for the disciplinary action.

Id.

Mr. Warren first argues that that he was denied due process because his appeal of the disciplinary hearing officer's report was denied as untimely. He contends that he timely filed his appeal, which the regulations require he submit within 20 days of being served the disciplinary hearing officer's report, and any delay was due to the actions of the BOP staff, who housed him in an SHU and held his outgoing mail for inspection. The warden doesn't dispute that Mr.

Warren's appeal was denied as untimely and, for purposes of this petition, the court will assume without deciding that Mr. Warren's appeal was only untimely because of the actions of BOP personnel so the BOP should have accepted it.

Mr. Warren argues that 28 C.F.R. § 541.8 grants him a right to appeal and that BOP violated his due process rights when it didn't adjudicated his appeal. The regulation itself doesn't "create[ ] a liberty interest protected by the Due Process Clause." Thomas v. Ramos, 130 F.3d 754, 760 (7th Cir. 1997). Federal inmates have a due process interest in their good time credits and, before they can be revoked, due process requires that a prisoner receive timely written notice of the alleged violation, the opportunity to present evidence to an impartial decision-maker, and receive a written statement with the basis for the disciplinary action taken. Jones v. Cross, 637 F.3d at 845. Mr. Warren hasn't demonstrated that due process required a fully adjudicated administrative appeal, especially in this case, where the BOP hasn't argued that Mr. Warren didn't exhaust his administrative remedies and his 2241 is properly before this court.

Mr. Warren next argues that he was denied due process because he didn't timely receive a copy of the incident report. Mr. Warren asserts that the alleged misconduct occurred on July 6, 2015, the BOP staff knew of the alleged misconduct that day because they informed him of it, and yet BOP didn't issue him an incident report until July 24, 2015. Mr. Warren believes this violated his due process rights. Mr. Warren's argument relies on his reading of a BOP regulation, which he claims requires the BOP issue him an incident report within

24 hours of BOP staff learning of the incident. *See* 28 C.F.R. § 541.5(a) ("[y]ou will ordinarily receive the incident report within 24 hours of staff becoming aware of your involvement in the incident").

The court of appeals considered this argument in <u>Jones v. Cross</u>, 637 F.3d at 846, and held that a prisoner doesn't have a "liberty interest in the time frames set forth in § 541.15(a)." "[W]ith respect to timing, all that due process requires is that prisoners be given written notice of alleged violations at least 24 hours before a disciplinary hearing." <u>Id.</u> Mr. Warren acknowledges that he received the incident report on July 24, 2015 and the evidence shows that the disciplinary hearing was held on August 5, 2015. [Doc. No. 12-5 at 1]. Accordingly, "even assuming there was a violation of BOP regulations in this case, that violation did not infringe [Mr. Warren's] constitutionally-protected rights." <u>Id.</u>

Mr. Warren also argues that he was denied due process because the sanctions imposed allegedly exceeded those authorized by law, contending that the BOP imposed a sanction of a loss of a total of 218 days of good conduct time, but the BOP's regulations allow for a sanction of no more than 54 days of good conduct time in this case.[1]

Mr. Warren was sanctioned for violations of use of mail for abuses, use of telephone for abuses, and giving money to another inmate without staff authorization. [Doc. No. 12-5 at 4]. The BOP regulations categorize the use of

---

[1] Mr. Warren argues that the sanction contravenes BOP Program Statement Number 5270.09. Because this Program Statement reiterates the relevant regulations and Mr. Warren hasn't suggested that anything in the Program Statement that goes beyond the regulations is material to Mr. Warren's claim, the court limits its discussion to the regulations.

mail and telephone for abuses infractions as "high severity level prohibited acts," while giving money to another inmate without staff authorization is considered a "moderate severity level prohibited act." 28 C.F.R. § 541.4 (table 1). The regulation allows for a sanction of a loss of 27 days of good time for each high severity level prohibited act and 14 days of good time for each moderate severity level prohibited act. Id. The Disciplinary Hearing Officer imposed a sanction of a loss of 68 days of good time for those violations (27 days for use of mail for abuses, 27 days for use of telephone for abuses, and 14 days for giving money to another inmate without staff authorization).

Because the BOP had sanctioned Mr. Warren for the same conduct earlier that year, [Doc. No. 12-4 at 1],[2] he was subject to additional sanctions under the regulations, including a forfeiture of up to 90 days of non-vested good time for each high severity level prohibited act and 45 days of non-vested good time for each moderate severity level prohibited act. 28 C.F.R. § 541.4 (table 2). Under this authority, the disciplinary hearing officer also imposed a sanction of a loss of 150 days of non-vested good time (60 days for use of mail for abuses, 60 days for use of telephone for abuses, and 30 days for giving money to another inmate without staff authorization). [Doc. No. 12-5 at 4]. Accordingly, the BOP's sanction of a loss of a total of 218 days of good time comports with the regulations and Mr. Warren's due process rights weren't violated by its imposition.

---

[2] In his reply, Mr. Warren argues that the BOP provided no evidence to show that he was a repeat offender, but the incident report notes that in "January 2015 inmate Warren, Jamal was sanctioned for the same behavior," [Doc. No. 12-4 at 1], and Mr. Warren didn't submit any evidence contradicting the incident report.

Based on the foregoing, the court DENIES Mr. Warren's § 2241 petition [Doc. No. 1].

SO ORDERED.

ENTERED:  March 28, 2018

                                                   /s/ Robert L. Miller, Jr.
                                                   Judge, United States District Court


Distribution:

JAMAL KAREEM WARREN   65300-097
TERRE HAUTE - FCI
Inmate Mail/Parcels
P.O. BOX 33
TERRE HAUTE, IN 47808

Jill Z. Julian, AUSA
Jill.julian@usdoj.gov