UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| JAMAL KAREEM WARREN, | ) | |
|---|---|---|
| *Petitioner,* | ) | |
| v. | ) | Cause No. 2:17-cv-493 RLM-DLP |
| J. R. BELL, *Warden,* | ) | |
| *Respondent.* | ) | |

OPINION AND ORDER

Jamal Kareem Warren filed a motion based on Federal Rule of Civil Procedure 59(e) asking the court to reconsider its denial, on March 28, 2018, of his petition for writ of habeas corpus under 28 U.S.C. § 2241 challenging a Federal Bureau of Prisons disciplinary proceeding. Mr. Warren filed his motion to reconsider on April 12, making it timely under Rule 59(e), which provides that a "motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment."

Relief under Rule 59(e) is only available if "the movant clearly establishes: '(1) that the court committed a manifest error of law or fact, or (2) that newly discovered evidence precluded entry of judgment.'" Cincinnati Life Ins. Co. v. Beyrer, 722 F.3d 939, 954 (7th Cir. 2013) (quoting Blue v. Hartford Life & Accident Ins. Co., 698 F.3d 587, 598 (7th Cir.2012)). "A 'manifest error' is not demonstrated by the disappointment of the losing party. It is the wholesale disregard, misapplication, or failure to recognize controlling precedent." Oto v. Metropolitan Life Ins. Co., 224 F.3d 601, 606 (7th Cir. 2000) (internal quotation

and citation omitted). A Rule 59(e) motion "certainly does not allow a party to introduce new evidence or advance arguments that could and should have been presented to the district court prior to the judgment." Cincinnati Life Ins. Co. v. Beyrer, 722 F.3d at 954 (quoting Bordelon v. Chi. Sch. Reform Bd. of Trs., 233 F.3d 524, 529 (7th Cir.2000)).

Mr. Warren's motion reiterates arguments the court considered and dismissed with when ruling on his petition for writ of habeas corpus: that the BOP regulations create due process rights for him and his right to appeal the disciplinary hearing officer's findings and his right to have the incident report filed within the time parameters outlined in the regulations were violated. Mr. Warren hasn't shown that the court committed a manifest error of law in ruling that Mr. Warren didn't establish a due process violation. As due process requires, he received written notice of the claimed violation at least 24 hours before hearing, was afforded the opportunity to present evidence to an impartial decision-maker, and was provided a written statement with the basis for the disciplinary action taken, Jones v. Cross, 637 F.3d 841, 845 (7th Cir. 2011), and that the BOP regulations themselves don't "create[ ] a liberty interest protected by the Due Process Clause." Thomas v. Ramos, 130 F.3d 754, 760 (7th Cir. 1997). *See also* Jones v. Cross, 637 F.3d at 845.

Mr. Warren also argues that the court erred in ruling that the sanction the BOP imposed didn't exceeded what was authorized. Mr. Warren contends that there was no evidence in the record to support a finding that he was a repeat offender, but, as the court noted its March 28 order, the incident report, which

2

notes that he was previously sanctioned for the same behavior, is evidence that supports the disciplinary hearing officer's finding that Mr. Warren was subject additional sanctions under the regulations as a repeat offender. Mr. Warren now comes forward with a copy of his disciplinary history, which he says shows that he's not a repeat offender and suggests that he didn't previously present this evidence because the evidentiary burden was on the Warden, not him.

It is true that the disciplinary hearing officer's decision must be support by "some evidence in the record," Jones v. Cross, 637 F.3d at 849 (quoting Webb v. Anderson, 224 F.3d 649, 652 (7th Cir. 2000)), but if Mr. Warren had evidence contradicting the hearing officer's determination, he was obligated to present it to the court before judgment was entered on his petition, absent a showing that it was newly discovered. *See* Cincinnati Life Ins. Co. v. Beyrer, 722 F.3d at 955. Mr. Warren hasn't suggested this evidence was newly discovered, so the court can't consider it. Id. at 944.

Mr. Warren hasn't established a manifest error of fact or law or provided a justification for presenting new evidence after the entry of judgment, so the court declines to reconsider the denial of his petition for writ of habeas corpus and DENIES his motion to reconsider [Doc. No. 17].

SO ORDERED.

ENTERED:  April 17, 2018

/s/ Robert L. Miller, Jr.
Judge, United States District Court

3

Distribution:

JAMAL KAREEM WARREN
65300-097
TERRE HAUTE - FCI
TERRE HAUTE FEDERAL CORRECTIONAL INSTITUTION
Inmate Mail/Parcels
P.O. BOX 33
TERRE HAUTE, IN 47808

Jill Z. Julian
UNITED STATES ATTORNEY'S OFFICE (Indianapolis)
jill.julian@usdoj.gov